IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Norfolk Division

FILED
OCT 2 4 2023
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| IN RE<br>MOTION TO SEAL COMPLAINT &<br>SUPPORTING DOCUMENTS | **UNDER SEAL**<br><br>Case No. 2:23mj 216 |

## UNITED STATES' MOTION TO SEAL COMPLAINT PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint and affidavit in support of the complaint until **after the defendant is arrested and taken into federal custody**.

**I. REASONS FOR SEALING** (Local Rule 49(B)(1))

1. Homeland Security Investigations ("HSI") is investigating crimes involving the sexual exploitation of children, including the Receipt of Images of Minors Engaging in Sexually Explicit conduct and other offenses.

2. Premature disclosure of the charges against the defendant could potentially lead to the destruction of evidence. Disclosure of the complaint and affidavit in support of the complaint would provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved. This would jeopardize the integrity of the ongoing criminal investigation into this matter.

**II. REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

3. The Court has the inherent power to seal complaints and affidavit in support of complaints. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United*

1

*States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The United States requests that the complaint and affidavit in support of the complaint remain sealed until after the defendant is arrested and taken into federal custody.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the complaint and affidavit in support of the complaint and this Motion to Seal and proposed Order be sealed until after the defendant is arrested and taken into federal custody.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____
Kristen S. Taylor
Assistant United States Attorney